KERN, Justice
(concurring specially).
[¶13.] Although this Court correctly acknowledges that the narrow legal issue presented by this case—whether the word “aggravating” in SDCL 22-6-11 requires “violence or career criminality”—is a question of law reviewed de novo, I write to clarify our standard of review in SDCL 22-6-11 cases. We apply the abuse of discretion standard to review a circuit court’s decision to deviate from presumptive probation under SDCL 22-6-11 rather than de novo review. An abuse of discretion “is a fundamental error of judgment, a choice outside the range of permissible choices, a decision, which, on full consideration, is arbitrary or unreasonable.” Thurman v. CUNA Mut. Ins. Soc’y, 2013 S.D. 63, ¶ 11, 836 N.W.2d 611, 616 (internal citations and quotation marks omitted).
[¶14.] It is an obvious but critical point that SDCL 22-6-11 affects the sentencing power of a circuit court. The statute creates a presumptive sentence and, through the use of the word “may,” gives the court the ability to deviate from the presumptive sentence. Deviation requires the court to follow specific procedures (identifying why it found the presumptive sentence inappropriate), but SDCL 22-6-11 leaves the choice in the circuit court’s discretion. It is well-established that a sentence within the statutory maximum is reviewed under the abuse of discretion standard. State v. McKinney, 2005 S.D. 73, ¶ 10, 699 N.W.2d 471, 476 (citing State v. Goodroad, 1997 S.D. 46, ¶ 40, 563 N.W.2d 126, 135). We accord great deference to the sentencing decisions made by trial courts. State v. Garber, 2004 S.D. 2, ¶ 13, 674 N.W.2d 320, 323; State v. Milk, 2000 S.D. 28, ¶ 10, 607 N.W.2d 14, 17 (citing State v. Gehrke, 491 N.W.2d 421, 422 (S.D. 1992)). The decision to sentence within the permissible statutory range, including within the options set forth in SDCL 22-6-11, is a discretionary decision entitled to deferential review.
[¶15.] Our prior decisions interpreting SDCL 22-6-11 likewise recognize that a sentencing court’s decision to deviate from presumptive probation is reviewed under the abuse of discretion standard. In State v. Whitfield, we held that a circuit court did not abuse its discretion by deviating from presumptive probation under SDCL 22-6-11:
*244 To depart from a sentence of probation, the court must identify aggravating factors that pose a significant risk to the public, SDCL 22-6-11. Based on our review of the record and the court’s reasons for departing from a sentence of probation, we cannot say the court abused its discretion.
2015 S.D. 17, ¶ 23, 862 N.W.2d 133, 140 (emphasis added). And in State v. Beck-with, we again declared that “[w]e apply the abuse of discretion standard in reviewing a sentencing court’s decision to depart from presumptive probation.” 2015 S.D. 76, ¶ 7, 871 N.W.2d 57, 59.
[¶16.] Yet the majority opinion seems to analyze the court’s decision to depart from presumptive probation as a legal issue reviewable de novo. I agree that the key question—interpreting “aggravating”—in this case is a question of law reviewable de novo. But once the legal issue regarding the meaning of “aggravating” is resolved, we must decide whether the circuit court abused its discretion by deviating from presumptive probation.[2]
[¶17.] Applying de novo review as the predominate method of analyzing sentences imposed under SDCL 22-6-11 would undermine the important role that circuit court’s play in our criminal justice system. See State v. Craig, 2014 S.D. 43, ¶ 29, 850 N.W.2d 828, 837 (describing the important process used by circuit court judges in imposing an appropriate sentence, including acquiring a thorough understanding of a defendant, his prospects for rehabilitation, and the circumstances of the crime). Often, depending upon the nature of the specific question presented, it may be proper to apply other standards of review, including a de novo review of a legal issue or a clearly erroneous review of factual findings that a court relied on in imposing its sentence. But once those issues have been resolved, if a party challenges a deviation from presumptive probation under SDCL 22-6-11, we must determine whether the sentencing court abused its discretion.

. In his brief, Underwood states that abuse of discretion is the proper standard of review for a sentencing court’s departure from presumptive probation but also that SDCL 22-6-11 imposes statutory limits on the sentencing court’s discretion. Underwood argues that "SDCL 22-6-11 must include a discernible standard’’ for its limits on sentencing authority, namely, that the identified aggravating circumstances sufficiently pose a significant risk to the public. Underwood claims that "significant risk to the public” only encompasses circumstances showing career criminality or violence. This precise issue is a question of law, which we can review de novo. Underwood, however, ends his argument by stating that "the sentencing court failed to reference either career criminality or violence, and thereby exceeded and abused it [sic] discretion." (Emphasis added.) Whether the court abused its discretion is the foundational concern.